UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

---

LEON M. JACKSON,

        Plaintiff,                        Case No. 2:10-cv-73

v.                                               Honorable R. Allan Edgar

UNKNOWN DURANT,

        Defendant.
_____/

## OPINION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed for failure to state a claim.

**Discussion**

I.  Factual allegations

Plaintiff currently is incarcerated at the Macomb Correctional Facility but the events giving rise to his complaint occurred at the Chippewa Correctional Facility (URF). In his *pro se* complaint, he sues URF Hearings Investigator unknown Durant. According to the complaint, on March 31, 2009, Plaintiff was placed in administrative segregation for threatening behavior towards a correctional officer. (Compl. at 2, docket #1.) He was given a Major Misconduct Ticket on April 1, 2009 for making the threat. Plaintiff submitted a handwritten note stating that he did not make the threatening statement and that another prisoner, unknown Myers, was a witness to the incident. (Ex. to Compl. at 1, 2, docket #1-2.) A hearing was held on April 6, 2009 and Plaintiff was found guilty. (4/6/2009 Major Misconduct Hearing Report, Ex. to Compl. at 3.) The report states:

> EVIDENCE/STATEMENTS IN ADDITION TO MISCONDUCT REPORT: Prisoner is not present for the hearing and when asked by officers Beamish and Goetz at 0833 hrs stated, no. This was entered into the unit log book. Prisoners non-appearance is deemed a waiver of his right to appear and a plea of not guilty is entered on his behalf. The misconduct is reviewed along with a memo[.] No further evidence is requested or is necessary.
>
> REASONS FOR FINDINGS: Prisoner Jackson stated on 3-31-09 at 1203 hrs to officer Switzer, that's how you are gonna get fucked up. I find that prisoner Jackson did express the intent to injure officer Switzer. Prisoner Jackson is not believed in his statement that he did not threaten the reporting officer because both officer Switzer and officer Smith heard and observed prisoner Jackson make the above statement. The reporting officer is clear and detailed in his statements and found credible. The charge is sustained.

*Id.* On May 5, 2009, Plaintiff moved for rehearing. (Request for Rehearing, Ex. to Compl. at 4.) In his request, he stated that he had requested a witness, but that the "hearing investigator and

hearing officer, failed to get witness statement." *Id.* On April 6, 2009, Plaintiff's request was approved because:

> the hearing investigator included in the hearing investigation no statement from prisoner Myer who locks in Round Unit whom the prisoner clearly requests as a witness at the bottom of his written statement. Furthermore, the absence of a statement from the hearing investigator with respect to the requested witness is not corrected on the record by the hearing officer and no reasons for its exclusion are recorded. Thus the record of the hearing is inadequate for the purpose of judicial review.

(Ex. to Compl. at 5, docket #1-2.) Plaintiff was then provided a rehearing on February 5, 2010. (Major Misconduct Rehearing Report, Ex. to Compl. at 6.) At the rehearing the following evidence was examined: "misconduct report, investigator['s] report, prisoner's statement, statement from Smith, request for rehearing, and rehearing order." (*Id.*) The investigator's report, a note from Durant and the notice of hearing were read to Plaintiff. "Plaintiff stated that he had nothing new to add to the record." (*Id.*) The hearing officer discussed the history of the misconduct, conviction, and request for rehearing. The officer stated that the hearing investigator had been unable to locate prisoner Myers to obtain a statement. The hearing officer held that this "hearing ha[d] been delayed long enough and, if there is insufficient interest in this misconduct report to find this Myers and make an attempt to contact him for a statement, this hearing will not be delayed any longer." (Ex. to Compl. at 6.) The charge was dismissed.

Plaintiff now brings this suit against Defendant hearing investigator Durant alleging that Defendant deprived him of due process resulting in thirty days of confinement in administrative segregation and loss of good time/disciplinary credits. (Compl. at 3.) Plaintiff requests compensatory damages and declaratory relief.

## II. Failure to state a claim

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 129 S. Ct. at 1949. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Ashcroft*, 129 S. Ct. at 1950 (quoting FED. R. CIV. P. 8(a)(2)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009). Because § 1983 is a method for vindicating federal

rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff alleges that his due process rights were violated by the hearings investigator. The starting point for any discussion of the procedural due process rights of a prisoner subject to a disciplinary proceeding is *Wolff v. McDonnell,* 418 U.S. 539 (1974). In *Wolff,* the Supreme Court held that prison disciplinary proceedings must meet minimal due process requirements by (i) giving inmates advance written notice of charges at least 24 hours prior to the disciplinary hearing; (ii) allowing the inmate to call witnesses and present documentary evidence in the inmate's defense; and (iii) providing the inmate with a written statement of evidence relied on by the disciplinary board and the reasons for the disciplinary action. *Wolff*, 418 U.S. at 563-69. The right to call witnesses or present evidence, however, is not absolute. *Id.* at 566. The United States Supreme Court explained:

> [W]e must balance the inmate's interest[s] against the needs of the prison, and some amount of flexibility and accommodation is required. Prison officials must have the necessary discretion to keep the hearing within reasonable limits and to refuse to call witnesses that may create a risk of reprisal or undermine authority, as well as to limit access to other inmates to collect statements or to compile other documentary evidence. Although we do not prescribe it, it would be useful for the Committee to state its reasons for refusing to call a witness, whether it be for irrelevance, lack of necessity, or the hazards presented in individual cases.

*Id.*

The MDOC undisputedly satisfied the first and third due process requirements of *Wolff* in Plaintiff's case. He was given a Major Misconduct Ticket regarding the charges on April 1, 2009 and a hearing was held on April 6, 2009. After the misconduct hearing, Plaintiff received a written report of the hearing, which detailed the evidence relied on by the hearings officer and the

findings of the hearings officer. (Ex. to Compl. at 3.) Plaintiff sought and was granted rehearing because the hearing investigator did not obtain a witness statement from prisoner Myers despite Plaintiff's request. (Ex. to Compl. at 5.) Plaintiff was present at the rehearing on February 5, 2010 and the charge was dismissed. He was given a written report of the rehearing, which detailed the evidence relied on by the hearings officer and the findings of the hearings officer. (Ex. to Compl. at 6.)

Plaintiff claims that the hearings investigator violated his due process rights by not interviewing prisoner Myers before the original hearing. There is no due process requirement that a hearings investigator must conduct his investigation in a certain way. *See Falkiewicz v. Grayson,* 271 F. Supp. 2d 942, 948 (2003). Regarding witnesses, the second due process requirement of *Wolff* is satisfied when the inmate is allowed to call witnesses in his defense. Plaintiff alleges that his due process rights were violated because Defendant failed to interview prisoner Myers. Plaintiff, however, does not allege that he was prevented by Defendant from calling Myers as a witness to testify at the misconduct hearing. According to the major misconduct hearing report, Plaintiff refused to attend the hearing and did not make a request to the hearing officer to call Myers or any other witness to testify at the hearing. (Ex. to Compl. at 3.) Additionally, Defendant was only responsible for investigating - not deciding - the misconduct charge against Plaintiff or who would be allowed to testify as a witness on Plaintiff's behalf. Therefore, Plaintiff fails to identify any conduct by Defendant that could have violated Plaintiff's due process rights.

To the extent Plaintiff alleges that his Eighth Amendment rights were violated by his placement in administrative segregation for thirty days, he fails to state a claim. The Eighth Amendment prohibits punishments that are not only physically barbaric, but also those which are

findings of the hearings officer. (Ex. to Compl. at 3.) Plaintiff sought and was granted rehearing because the hearing investigator did not obtain a witness statement from prisoner Myers despite Plaintiff's request. (Ex. to Compl. at 5.) Plaintiff was present at the rehearing on February 5, 2010 and the charge was dismissed. He was given a written report of the rehearing, which detailed the evidence relied on by the hearings officer and the findings of the hearings officer. (Ex. to Compl. at 6.)

Plaintiff claims that the hearings investigator violated his due process rights by not interviewing prisoner Myers before the original hearing. There is no due process requirement that a hearings investigator must conduct his investigation in a certain way. *See Falkiewicz v. Grayson,* 271 F. Supp. 2d 942, 948 (2003). Regarding witnesses, the second due process requirement of *Wolff* is satisfied when the inmate is allowed to call witnesses in his defense. Plaintiff alleges that his due process rights were violated because Defendant failed to interview prisoner Myers. Plaintiff, however, does not allege that he was prevented by Defendant from calling Myers as a witness to testify at the misconduct hearing. According to the major misconduct hearing report, Plaintiff refused to attend the hearing and did not make a request to the hearing officer to call Myers or any other witness to testify at the hearing. (Ex. to Compl. at 3.) Additionally, Defendant was only responsible for investigating - not deciding - the misconduct charge against Plaintiff or who would be allowed to testify as a witness on Plaintiff's behalf. Therefore, Plaintiff fails to identify any conduct by Defendant that could have violated Plaintiff's due process rights.

To the extent Plaintiff alleges that his Eighth Amendment rights were violated by his placement in administrative segregation for thirty days, he fails to state a claim. The Eighth Amendment prohibits punishments that are not only physically barbaric, but also those which are

incompatible with "the evolving standards of decency that mark the progress of a maturing society," or which "involve the unnecessary and wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. 97, 102-103(1976). To establish an Eighth Amendment claim, the prisoner must show that he was deprived of the "minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). Restrictions that are restrictive or even harsh, but are not cruel and unusual under contemporary standards, are not unconstitutional. *Id.* Thus, federal courts may not intervene to remedy conditions that are merely unpleasant or undesirable.

Placement in segregation is a routine discomfort that is "'part of the penalty that criminal offenders pay for their offenses against society.'" *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (quoting *Rhodes*, 452 U.S. at 347; *see also Jones v. Waller*, No. 98-5739, 1999 WL 313893, at *2 (6th Cir. May 4, 1999). Although Plaintiff may have been denied certain privileges as a result of his administrative segregation, he does not allege or show that he was denied basic human needs and requirements. The Sixth Circuit has held that without a showing that basic human needs were not met, the denial of privileges as a result of administrative segregation cannot establish an Eighth Amendment violation. *See Bradley v. Evans*, No. 98-5861, 2000 WL 1277229, at *8 (6th Cir. Aug. 23, 2000), *cert. denied*, 531 U.S. 1023 (2000); *Collmar v. Wilkinson*, No. 97-4374, 1999 WL 623708, at *3 (6th Cir. Aug. 11, 1999). Moreover, Plaintiff cannot bring an Eighth Amendment claim for emotional or mental damages because he does not allege a physical injury. *See* 42 U. S.C. §1997e(e); *see also Hudson*, 503 U.S. at 5; *Watson v. McClanahan*, No. 99-6124, 2000 WL 922899, at *2 (6th Cir. June 27, 2000); *Benson v. Carlton*, No. 99-6433, 2000 WL 1175609, at *1 (6th Cir. Aug. 9, 2000). As such, Plaintiff fails to state an Eighth Amendment claim against Defendant Durant.

**Conclusion**

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $455.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $455.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated:       5/27/2010                           */s/ R. Allan Edgar*
                                                 R. Allan Edgar
                                                 United States District Judge